**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:05CV-P67-M**

**RALPH FRANKLIN, JR.**                                                                          **PLAINTIFF**

v.

**JOHN D. REES,** *et al.*                                                                       **DEFENDANTS**

**MEMORANDUM OPINION**

The plaintiff filed this civil rights action under 42 U.S.C. § 1983 ("§ 1983"). Because the plaintiff failed to exhaust his administrative remedies with respect to each of the individuals he has named as defendants in this action, the court will dismiss the action.

**I.  SUMMARY OF CLAIMS**

The plaintiff, Ralph Franklin, Jr., is an inmate currently confined at the Green River Correctional Complex ("GRCC"). He brings claims against the following defendants: John D. Rees, Commissioner for the Kentucky Department of Corrections ("DOC"); Patti Webb, Warden for GRCC; Harold Radford, Deputy Warden for GRCC; Judy Higgs, Food Service Manager for GRCC; Ernie Fletcher, Governor for the Commonwealth of Kentucky; Steve Durham, former General Counsel for the DOC; and Jack Damron, counsel for the DOC.

The plaintiff identifies himself as a practicing Sikh who "follows the way of the Khalsa, as set by Guru Gobind Singh, (the tenth and final living Guru of the Sikh Religion)" (DN 1, Mem., p. 4). As part of his religious practices, he is to follow a lacto-vegetarian diet which consists of vegetable, grains, fruits and nuts, milk and milk products, and meals containing those foods. *Id.* at 5. He is not, however, to ingest meat, poultry, fish, eggs or any products made with those foods. *Id.* For over three years, he has filed grievances in his attempt to be served with a

diet consistent with his religious beliefs. Through those same channels, he has also attempted to obtain items he deems necessary for worship. In some instances, he sought enforcement of existing policies while in other instances he sought changes to current policies and procedures in place. In the end, he claims that the failure to accommodate his religious needs resulted in numerous civil rights violations. Specifically, he alleges violations of his First Amendment right to the free exercise of his religion, the First Amendment Establishment Clause, the Religious Land Use and Institutionalized Persons Act, his Eighth Amendment right to be free from the infliction of cruel and unusual punishment, and his Fourteenth Amendment right to equal protections of the laws. He also alleges that the defendants have conspired to violate his constitutional rights.

## II. ANALYSIS

The Prison Litigation Reform Act ("PLRA") requires prisoners who wish to file a civil rights action regarding the conditions of their confinement to exhaust all available administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e(a); [1] *Baxter v. Rose,* 305 F.3d 486, 488 (6th Cir. 2002); *Brown v. Toombs* 139 F.3d 1102 (6th Cir. 1998). An inmate bears the burden of alleging and showing that he has exhausted his remedies. *Brown,* 139 F.3d at 1104.

To establish exhaustion, a prisoner must allege and show that all available remedies have been exhausted and attach documentation demonstrating the administrative disposition of his claims. *Id*. Should the prisoner not have the documentation to demonstrate exhaustion, he must

---

[1]Section 1997e(a) provides:

No action shall be brought with respect to prison conditions under section 1983 of this title [*i.e.*, 42], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

describe with specificity the administrative proceeding and its outcome. *Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert denied*, 531 U.S. 1040 (2000). A prisoner may not raise his claims in informal complaints as he must follow the formal grievance process to properly exhaust all administrative remedies. *Freeman v. Francis,* 196 F.3d 641 (6th Cir. 1999).

Moreover, a prisoner may not simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or it is futile for him to do so because his grievance is now time-barred under the regulation. *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir.), *cert. denied,* 522 U.S. 906 (1997). Should the authorities to whom he has presented his grievance ignore his written plaint, he must proceed to the next level in the grievance process. *Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir. 1999). Finally, prior to initiating his action in federal court, a prisoner is required to file a grievance against each person he ultimately seeks to sue. *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). *Burton v. Jones,* 321 F.3d 569, 574 (6th Cir. 2003); *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001).[2] District courts are required to dismiss a complaint without prejudice where a prisoner fails to exhaust those remedies. *Brown,* 139 F.3d at 1102.

---

[2]The Sixth Circuit observed:

> The requirement that a prisoner file a grievance against the person he ultimately seeks to sue does not impose a heightened pleading requirement upon would-be §1983 plaintiffs. It only assures, as envisioned under the PLRA, that the prison administrative system has a chance to deal with claims against prison personnel before those complaints reach federal court.

*Curry,* 249 F.3d at 505.

It is apparent to the court that the plaintiff has diligently pursued his quest to have his religious needs met while confined at GRCC. Nevertheless, he has failed to satisfy the PLRA's exhaustion requirement as his many grievances did not specifically name any of the individuals that he has named as defendants in his complaint. Because he has failed to establish that he meets the exhaustion requirement with respect to all the individuals named in his action, the court must dismiss his complaint.

By dismissing this complaint, the court passes no judgment on the ultimate merits of the plaintiff's claims. It does note, however, that the plaintiff put much time into creating a very organized brief for the court's review. Once the plaintiff has exhausted his remedies with respect to each claim he seeks to bring and with respect to each person he seeks to sue, he may initiate a new civil action under § 1983. The plaintiff is reminded that the Sixth Circuit Court of Appeals has adopted the "total exhaustion" rule which means that a court must dismiss a prisoner's complaint if it contains both exhausted and unexhausted claims. *Jones Bey v. Johnson*, 407 F.3d 801, 8805 (6th Cir. 2005). Under *Jones Bey*, it is clear that total exhaustion is required as to each claim asserted and each defendant named before a prisoner may bring a civil rights action in federal court.

The court will enter an order consistent with this memorandum opinion.

Date:

cc: Plaintiff *pro se*
      Defendants
      4414.002