UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:05CV-P67-M

**RALPH FRANKLIN, JR.**                                                                 **PLAINTIFF**

v.

**JOHN D. REES,** *et al.*                                                             **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Ralph Franklin, Jr., filed this civil action pursuant to 42 U.S.C. § 1983. On July 5, 2005, this court dismissed this action without prejudice pursuant to 42 U.S.C. § 1997e(a) because he had not exhausted his administrative remedies prior to bringing suit in federal court (DNs 7 and 8). The matter is before the court on the plaintiff's motion to reconsider pursuant to Fed. R. Civ. P. 59(e) (DN 9). Because the court finds no basis for setting aside its prior decision, it will deny the motion.

I.

In his motion, the plaintiff states that the court must have overlooked the "many times" he mentioned the names of the various defendants in the grievances attached to his complaint. He concedes, however, that he did not file grievances with respect to two of the named defendants. He also seeks dismissal of claims asserted against Steve Durham and Jack Damron, which appear to be the two defendants that were not named in his grievances.

II.

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment. Fed.R.Civ.P. 59(e). The Sixth Circuit has determined, however, that a court should grant such a motion only "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am.*

*Int'l Underwriters Co.*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Here, the plaintiff essentially claims that the court's analysis represents a clear error of law.

The Sixth Circuit Court of Appeals has held that an inmate must completely exhaust all claims with respect to all defendants before bringing suit in a federal district court. *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005). A district court must dismiss a complaint that presents both exhausted and unexhausted claims. *Id.* Moreover, a prisoner may not amend his complaint to save it from *sua sponte* dismissal by the district court. *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002).

Here, the plaintiff concedes that he did not exhaust his administrative remedies with respect to two of the named defendants. His moving to dismiss those individuals cannot resurrect his civil action. Because the court concludes that it correctly dismissed the plaintiff's claims due to his failure to exhaust completely his administrative remedies as to each defendant named and each claim asserted, his motion to alter or amend that judgment is **DENIED**.

There being no just reason for delay in its entry, this is a final order.

The court further **certifies** that an appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Date:


cc: Plaintiff *pro se*
 4414.002

2